THE JOLIET IRON & STEEL Co. v. THE C., C. & W. R. Co. ET AL.

1. **Practice: TRIAL UPON WRITTEN EVIDENCE.** Prior to the taking effect of chapter 145, Laws of 1878, a compliance with the provision of section 2742 of the Code was necessary to secure a trial *de novo* in the Supreme Court.

2. ———: **EXCEPTION.** An exception first taken three and one-half months after the decree is settled, signed and entered of record, does not furnish any basis for a review of the case.

*Appeal from Clinton District Court.*

THURSDAY, APRIL 10.

ON the 19th day of November, 1875, the Joliet Iron & Steel Company commenced an action against the Chicago, ·Clinton & Western Railroad Company, and the Iowa Southwestern Construction Company, for the establishment and enforcement of a lien against the defendants, and against the line of railroad described, for seventy-five thousand two hundred and

seventy-four dollars and nineteen cents, on account of materials furnished the Iowa Southwestern Construction Company for the track laying upon a certain railroad bed belonging to and being constructed under the charter of the Chicago, Clinton & Western Railroad Company.

The petition in this case alleges that the Chicago, Clinton & Western Railroad Company, and the Iowa Southwestern Construction Company, are mutually interested in the railroad property upon which a lien is claimed.

On the 22d day of November, 1875, upon due notice, Edward H. Thayer was appointed receiver of the entire line ·of railroad of the defendant, the Chicago, Clinton & Western Railroad Company.

On the 24th day of June, 1876, the receiver filed a report showing that there came into his hands sixteen and one-half miles of completed track on said road, and an uncompleted road-bed and located line from Clinton to Iowa City, with ties distributed three-fourths of a mile in Scott county; that there had been expended upon said road about five hundred thousand dollars, and that besides the liens claimed by plaintiffs there had been filed other mechanics' liens against the property, amounting in the aggregate to about sixty-four thousand four hundred and forty-seven dollars and fifty-three cents; that the property was wholly unavailable, without profit or income, and speedily going to waste; that contracts could be made on reasonable terms for building the uncompleted portions of the road, to be paid in receiver's certificates, issued under the authority of the court. The receiver asked the direction of the court in the premises.

On the 27th day of July, 1876, the court authorized the receiver to build the unconstructed portions of the railroad of the ·Chicago, Clinton & Western Railroad Company, from Clinton to Iowa City, and ordered that the indebtedness incurred should be treated as receiver's indebtedness, and be a first lien on all the property of the railroad company. To the making of this order Waulbaum, Bridges & Co., as inter-

venors in the cause, excepted. The Iowa Southwestern Construction Company was present by counsel, and took no exception to this action of the court.

On the 8th day of March, 1877, the South St. Louis Iron Company filed a petition of intervention, claiming a first lien upon all the property of said railroad company; under receiver's certificates issued pursuant to authority of the court, amounting, exclusive of interest, to fifty thousand dollars. Intervenors asked that the railroad property be sold to pay the receiver's certificates held by intervenors, and other certificates of like character. Intervenors further prayed that the court decree all receiver's certificates, issued on and after the 1st day of October, 1876, to be void, or that the payment thereof be postponed until after the payment of all certificates issued prior to that date. The Iowa Southwestern Construction Company answered this petition of intervention, not denying, but impliedly admitting, petitioners' right to a lien; denying that the certificates issued on and after October 1, 1876, are void; alleging that the receiver issued in all certificates to the amount of one hundred and ninety-two thousand five hundred and sixteen dollars and thirty cents, and asking that no decree for the sale of the property be made until each and every holder of the other certificates is brought into court and made a party. A decree was entered as of date July 10, 1877, for the sale of all the property, of whatever kind, of the Chicago, Clinton & Western Railroad Company, and the application of the proceeds to the payment of the receiver's certificates, in a manner fully and specifically pointed out in the decree.

On the 5th day of March, 1878, the following modification of the decree was made, to-wit:

"Now, on this 5th day of March, 1878, this cause coming on for hearing, on motion of the Iowa Southwestern Construction Company to modify the decree of foreclosure as respect to date of decree, it is ordered by the court that said decree,

entered as of date July 10, 1877, be modified by adding on to the end thereof the following words, viz. :

" 'This decree is actually signed by the court, in term time, and enrolled on the 22d day of November, 1877. The terms of said decree not having been fully settled until that date, and in view of the fact that so long a time has elapsed since the date as of which the decree is entered, it is now ordered by the court that the six months in which to take an appeal from this decree shall not commence to run until the said 22d day of November, 1877. No party takes any exception to this modification.'

"And now, on this 5th day of March, 1878, the Iowa Southwestern Construction Company excepts to the decree made in said cause."

On the 4th day of March, 1878, the Iowa Southwestern Construction Company appealed.

*Kretzinger, Veeder & Kretzinger* and *C. C. Cole*, for appellant.

*J. & S. K. Tracy*, for the Chicago, Clinton & Western Ry. Co.

*Cook & Richman*, for the South St. Louis Iron Co.

*S. P. McConnell* and *Henry Crawford*, for the Joliet Iron & Steel Co.

DAY, J.—I. This is an equitable proceeding. The decree was fully settled, signed by the court and enrolled on the 22d day of November, 1877. The case is governed by section 2742 of the Code. Chapter 145, Seventeenth General Assembly, does not apply to this case. *Simondson v. Simondson, ante,* 110.

1. PRACTICE: trial upon written evidence.

II. It does not appear that any motion was made for trial upon written evidence as provided in section 2742 of the Code. There is no statement that the record contains all the evidence upon which the cause was tried. The case can be reviewed here only as a law action, upon exceptions duly taken and errors properly assigned.

III. No exception was taken by appellant to any ruling or decision of the court until the 5th day of March, 1878, three and one-half months after the decree was settled, signed and entered of record. An exception so taken cannot furnish a basis for reviewing the action of the court. The only provision for taking an exception, at a time subsequent to the ruling of which complaint is made, is contained in section 2789 of the Code. This section applies only to exceptions to the charge of the court, and the time for filing them is limited to three days after the verdict. The record in this case presents no question which we can properly review.

*2. ———: exception.*

Affirmed.

Rothrock, J., took no part in the decision of this case.